Bonner Walsh
WALSH PLLC
1561 Long Haul Road
Grangeville, ID 83530
(541) 359-2827

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KOBE SUNDERLAND,<br><br>        Plaintiff,<br><br>    vs.<br><br><br>FORD MOTOR COMPANY,<br>        Defendant. | Civil Action No.: 2:21-cv-111<br><br>ORIGINAL COMPLAINT MAGNUSON-MOSS WARRANTY ACT (15 U.S.C § 2301, *et seq.*); AND STATE CLAIMS.<br><br>**DEMAND FOR JURY TRIAL** |

**PLAINTIFF'S ORIGINAL COMPLAINT
AND JURY DEMAND**

KOBE SUNDERLAND (hereinafter "Plaintiff") files this Plaintiff's Original Complaint and Jury Trial Demand complaining of FORD MOTOR COMPANY. This action is filed for violations of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 and Washington State Law. Plaintiff alleges as follows:

**PARTIES**

1. At all times material herein, Plaintiff resided in Columbia County, Washington.

2. Defendant FORD MOTOR COMPANY ("Ford") is a Delaware corporation who conducts business in Washington. Keystone maintains its principal place of business at One American Road, Dearborn, Michigan 48126 and may be served with process through its Washington registered agent for process, CT Corporation System, 711 Capitol Way, Ste. 204, Olympia, WA 98501.

**JURISDICTION**

3. Jurisdiction of this Court arises under to 15 U.S.C. § 2310(d), 28 U.S.C. §§ 1331, and the doctrine of pendent jurisdiction for the other Washington claims pursuant to 28 U.S.C. § 1367. Plaintiff seeks relief in excess of $50,000. 15 U.S.C. § 2310(d)(3)(B).

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391 (b) and (c), because: (i) Defendant is actively doing business in this State and subject to personal jurisdiction throughout the State; (ii) upon information and belief, Defendant transacts business in the State and in the District because they have contracted with residents of the District through their sales with residents of the District; (iii) Plaintiff resides in this District, and (iv) a substantial part of the events or omissions giving rise to the claim occurred in this District.

**FACTS**

5. On February 23, 2020, Plaintiff purchased a 2017 Ford F-150, VIN 1FTEW1EG4HKD56192 (the "Vehicle") for a total cash price of approximately $45,306.47.

6. Plaintiff uses the Vehicle primarily for personal, family and household purposes. Soon after purchase, Plaintiff experienced continuing nonconformities with the Vehicle, including but not limited to, the following: transmission issues, leaking axle boot, leaky sunroof, windshield wiper fluid not spraying on the forward-facing camera, driver's mirror not dimming, malfunctions with the heated/cooled seats, problems with the seal on the driver's door, air leak in the center console, torn seats, problems with the key fob, door latch freezing, and trim issues. The Vehicle has been repaired at least 8 times and spent at least 101 days being in the shop for repairs.

7. After the attempted repairs the Vehicle continues to have defects including but not limited to: issues with the mirror, the door seal, and the heated seats.

8. Despite contacts by Plaintiff with Defendant, Defendant has not been able to resolve Plaintiff's issues with the Vehicle.

**FIRST CAUSE OF ACTION**
**FOR VIOLATIONS OF THE MAGNUSON-MOSS WARRANTY ACT**

9. Plaintiff is a "consumer" as defined in the Magnuson-Moss Warranty Act (hereinafter the "MMWA"), 15 U.S.C. § 2301(3).

Original Complaint - 2

WALSH PLLC
1561 Long Haul Road
Grangeville, ID 83530
(541) 359-2827 fax (866) 503-826
bonner@walshpllc.com

10. Defendant is a "warrantor(s)" and/or "supplier(s)" as defined in the MMWA, 15 U.S.C. § 2301(4) and (5).

11. The Vehicle is a "consumer product" as defined in the MMWA, 15 U.S.C. § 2301(l), because it is normally used for personal purposes.

12. The express warranty pertaining to the Vehicle is a "written warranty" as defined in the MMWA, 15 U.S.C. § 2301(6).

13. The actions of Defendant in failing to tender the Vehicle to Plaintiff free of defects and failing or refusing to repair the defective Vehicle constitutes a breach of the written and implied warranties covering the Vehicle, which are violations of the MMWA to which Plaintiff is entitled to recover his damages under 15 U.S.C. § 2310(d) (1) or a full refund under 15 U.S.C. § 2304(a) (4).

14. Plaintiff has performed all things agreed to and required of him under the purchase agreement and warranty, except as may have been excused or prevented by the conduct of Defendant as herein alleged.

15. Pursuant to the MMWA, 15 U.S.C. § 2310(d)(2), Plaintiff is entitled to recover as part of the judgment, costs and expenses of the suit, including attorney's fees based on actual time expended. As a proximate result of the misconduct of Defendant as alleged herein, and in an effort to protect his rights and to enforce the terms of the warranty, as more particularly set forth above, it has become necessary for Plaintiff to employ the legal services of the undersigned attorney to prosecute this action. Plaintiff has incurred and continues to incur legal fees, costs and expenses in connection therewith.

16. The amount in controversy of this action exceeds the sum of $50,000, exclusive of interest and costs for these claims.

## SECOND CAUSE OF ACTION
## FOR VIOLATIONS OF 5 Wash. Rev. Code Ann. § 62A.2-608.

17. Plaintiff realleges and reincorporate by reference herein all preceding paragraphs.

Original Complaint - 3

WALSH PLLC
1561 Long Haul Road
Grangeville, ID 83530
(541) 359-2827 fax (866) 503-826
bonner@walshpllc.com

18. Defendant Ford's acts directly, and through their authorized dealers, of failing to conform the Vehicle to Ford's express warranty is a violation of 5 Wash. Rev. Code Ann. § 62A.2-608. More specifically: Defendant Ford has been unable to conform the Vehicle to Ford's express warranty despite notice and reasonable attempts by its agents; pursuant to 5 Wash. Rev. Code Ann. § 62A.2-608.

19. Plaintiff would not have purchased the Vehicle had he known that she would not have a Vehicle that did not conformed to Ford's express warranties. Further Plaintiff would not have purchased the Vehicle had he known that he would be deprived of his Vehicle for more than 101 days in his first year of ownership.

20. As a result of the violations, and pursuant to 5 Wash. Rev. Code Ann. § 62A.2-608, this court should rescind the sale of the Vehicle and refund Plaintiff her purchase price, in the amount of $45,306.47 plus interest paid and less any reasonable allowance for the Plaintiff's use of the Vehicle.

### THIRD CAUSE OF ACTION
### FOR VIOLATIONS OF THE WASHINGTON CONSUMER PROTECTION ACT.

21. Plaintiff realleges and reincorporates by reference herein all preceding paragraphs.

22. The Washington Consumer Protection Act, RCW 19.86 *et. seq.*, restricts companies from committing deceptive or unfair acts or practices in either trade or commerce and declares them unlawful. *See* RCW 19.86.020.

23. Ford has an unfair business practice vehicle warranty claims that are not subject to the Washington Lemon Law or Motor Vehicle Lemon Law Arbitration process. By denying meritorious warranty claims in cases such as Plaintiff's, where there were multiple repairs and large numbers of days out of service, they deprive consumers of needed relief. Upon such warranty denials, many consumers will either not know how to move forward, will not know that relief is available pursuant to the Magusson-Moss Warranty Act or will not find an attorney willing to litigate a relatively small monetary claim in Federal Court. Such practice by Ford is not only

Original Complaint - 4

WALSH PLLC
1561 Long Haul Road
Grangeville, ID 83530
(541) 359-2827 fax (866) 503-826
bonner@walshpllc.com

injurious to consumers but it smacks of bad faith and unnecessarily congests the Federal Courts with claims that the manufacturer should resolve in the ordinary course of business.

24. Defendant's unfair warranty denial caused Plaintiff substantial harm including, but not limited to, diminished value and loss of use of the Vehicle.

25. Defendant's practice of unfair warranty denials has the capacity to injure other consumers in a similar way.

26. Defendant's violations entitle Plaintiff to his costs, attorney fees, and damages, including treble damages, in an amount to be determined at trial. *See* RCW 19.86.090, RCW 19.86.093. Plaintiff is also entitled to both pre-judgment and post-judgment interest.

## **PRAYER**

WHEREFORE, Plaintiff requests that the Defendant be cited to appear and answer in this action and upon final trial of this cause, the Court issue judgment that Plaintiff have and recover against Defendant as follows:

1) On his first claim for relief against Defendant Ford for violations of the Magnuson-Moss Warranty Act:
   a. For rescission of the sale of the Vehicle, or in the alternative, damages in an amount to be determined by the jury;
   b. Statutory damages as determined by the Court; and
   c. Attorney's fees and costs.
2) On his second claim for relief against Defendant Ford for violations of 5 Wash. Rev. Code Ann. § 62A.2-608:
   a. For rescission of the sale of the Vehicle, or in the alternative, damages in an amount to be determined by the jury;
   b. Attorney's fees and costs.
3) On his third claim for relief against Defendant Ford for violations of The Washington Consumer Protection act:

Original Complaint - 5

WALSH PLLC
1561 Long Haul Road
Grangeville, ID 83530
(541) 359-2827 fax (866) 503-826
bonner@walshpllc.com

1        a.    For rescission of the sale of the Vehicle, or in the alternative, damages in an amount to be determined by the jury;

       b.    Treble damages for each and every violation of the Washington Consumer Protection Act as authorized by RCW 19.86.090;

       c.    Available pre-judgment and post-judgment interest where applicable;

       d.    Attorney's fees and costs.

4)    On All Claims for Relief, costs and expenses incurred in this action.

**<u>PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY</u>**

Respectfully submitted March 12, 2021,

By:    */s/ Bonner C. Walsh*
Bonner C. Walsh, WSB #48915
WALSH PLLC
1561 Long Haul Road
Grangeville, ID 83530
TEL    541.359.2827
FAX    866.503.8206

ATTORNEY FOR PLAINTIFF

Original Complaint - 6

WALSH PLLC
1561 Long Haul Road
Grangeville, ID 83530
(541) 359-2827 fax (866) 503-826
bonner@walshpllc.com